UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADEN ROBINSON and<br>MICHELLE ROBINSON | CIVIL ACTION |
| VERSUS | NO. 09-4782 |
| THE ROAD HOME CORPORATION,<br>ICF EMERGENCY MANAGEMENT<br>SERVICES, L.L.C., LOUISIANA RECOVERY<br>AUTHORITY, and LOUISIANA DIVISION<br>OF ADMINISTRATION THROUGH THE<br>OFFICE OF COMMUNITY DEVELOPMENT | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss" filed on behalf of defendants the Louisiana Recovery Authority ("LRA") and the Louisiana Division of Administration through the Office of Community Development ("OCD") (Doc. 5). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion to dismiss.

### BACKGROUND

Braden and Michelle Robinson owned a home at 8417 Panola Street that sustained damages as a result of Hurricane Katrina. They applied for and received an award from the Road Home program for damages sustained by the property. However, that award did not include an amount for damage to the foundation allegedly resulting from the swelling and shrinking of the clay soil underlying the foundation which had been surrounded by standing water for a period of approximately two weeks following Hurricane Katrina. The Robinsons administratively appealed the failure to include foundation damage in their award to no avail.

In July 2009, the Robinsons filed this suit against the Road Home Corporation, ICF

Emergency Management Services, LLC, the LRA, and the OCD. In their complaint plaintiffs alleged that "[t]he defendants' refusal to provide to plaintiffs sums for the damages described above despite substantial and more than sufficient evidence of said damages constitutes disparate treatment of plaintiffs by the defendants collectively." Doc. 1, p. 5. Plaintiffs also alleged that their disparate treatment violated their constitutional right to equal protection under the Fourteenth Amendment and violated 42 U.S.C. §1983. They also alleged a number of state claims, i.e., violation of their right to equal protection under Article 1, Section 3 of the Louisiana Constitution, violation of Louisiana Civil Code article 2315, and a claim that they were a third party beneficiary of the contracts entered into between the defendants for administration and disbursement of the federal funds allocated to Louisiana under the Community Development Block Grants.

## LAW AND ANALYSIS

Defendants the LRA and the OCD seek to dismiss plaintiffs' claims against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). With respect to subject matter jurisdiction movers contend that the Eleventh Amendment shields them from this suit. The LRA and the OCD also assert that a claim under 42 U.S.C. §1983 cannot be stated against them because, they are not "persons" within the meaning of that statute, and that the 14th Amendment in and of itself does not give plaintiffs a private right of action against them. Additionally, movers assert that there is no independent basis of jurisdiction over plaintiffs' state law claims and that the Court should decline to exercise supplemental jurisdiction over plaintiffs state law claims.

It is axiomatic that the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.* 307 F.3d 318, 326 (5th Cir. 2002). The

Eleventh Amendment also precludes state law claims against the state brought into federal court under pendant jurisdiction. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). Additionally, the protection of the Eleventh Amendment "extends to any state agency or entity deemed an alter ego or arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d at 326.

Significantly, plaintiffs concede that LRA and OCD are "agencies of the State of Louisiana," and they do not contend that the LRA and the OCD do not qualify as the "state" for purposes of Eleventh Amendment immunity. Doc. 6, p. 3. Because there is no dispute that the LRA and the OCD qualify as the "state" those agencies are entitled to Eleventh Amendment immunity unless Louisiana has waived that immunity or Congress has abrogated the "state's Eleventh Amendment immunity by 'unequivocally' expressing its intent to do so by acting 'pursuant to a valid exercise of power.'" *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 281 (5th Cir. 2002), *quoting Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 2205, 144 L.Ed.2d 575 (1999)). By statute Louisiana has explicitly declined to waive its Eleventh Amendment sovereign immunity regarding suits in federal court. La. Rev. Stat. 13:5106(A) provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Nor has Congress unequivocally abrogated the states' sovereign immunity with respect to 42 U.S.C. §1983. The statute itself does not contain a waiver of the states' sovereign immunity. Moreover, the Supreme Court has held that with respect to §1983 suits seeking damages, "Congress in passing §1983, had no intention to disturb the States' Eleventh Amendment immunity . . .." *Will v. Michigan Department of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d (1989), *citing Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1144 50 L.Ed.2d 358 (1979). Thus, there is no basis to conclude that Congress has abrogated

Eleventh Amendment immunity with respect to §1983 suits seeking damages against the state.

Plaintiffs only other federally based claim is a Fourteenth Amendment claim for violating plaintiffs' right to equal protection. Movers contend that no such claim exists. The Court need not analyze whether in fact such a claim can be stated. Assuming *arguendo* that such a claim could survive a motion to dismiss under Rule 12(b)(6), there is no basis to conclude that Congress has abrogated Eleventh Amendment immunity with respect to any such claim.

Because neither the state of Louisiana nor Congress has abrogated the Eleventh Amendment immunity applicable to the LRA and the OCD, the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure grants the motion to dismiss plaintiffs claims against the LRA and the OCD.[1]

New Orleans, Louisiana, this 12th day of January, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the LRA and the OCD are entitled to Eleventh Amendment immunity, no analysis of movers' Rule 12(b)(6) motion need be undertaken.