| | |
|---|---|
| **BRADEN ROBINSON and**<br>**MICHELLE ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4782** |
| **THE ROAD HOME CORPORATION,**<br>**ICF EMERGENCY MANAGEMENT**<br>**SERVICES, L.L.C., LOUISIANA RECOVERY**<br>**AUTHORITY, and LOUISIANA DIVISION**<br>**OF ADMINISTRATION THROUGH THE**<br>**OFFICE OF COMMUNITY DEVELOPMENT** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss for Untimely Service" filed on behalf of defendant Road Home Corporation (Doc. 17). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion to dismiss.

## BACKGROUND

Braden and Michelle Robinson owned a home at 8417 Panola Street that sustained damages as a result of Hurricane Katrina. They applied for and received an award from the Road Home program for damages sustained by the property. However, that award did not include an amount for damage to the foundation allegedly resulting from the swelling and shrinking of the clay soil underlying the foundation which had been surrounded by standing water for a period of approximately two weeks following Hurricane Katrina. The Robinsons administratively appealed the failure to include foundation damage in their award to no avail.

In July 2009, the Robinsons filed this suit against the Road Home Corporation, ICF Emergency Management Services, LLC, the Louisiana Recovery Authority, and the Louisiana

Division of Administration through its Office of Community Development.[1]  In their complaint

plaintiffs alleged that "[t]he defendants' refusal to provide to plaintiffs sums for the damages

described above despite substantial and more than sufficient evidence of said damages constitutes

disparate treatment of plaintiffs by the defendants collectively." Doc. 1, p. 5.  Plaintiffs also alleged

that their disparate treatment violated their constitutional right to equal protection under the

Fourteenth Amendment and violated 42 U.S.C. §1983.  They also alleged a number of state claims,

i.e.,  violation of their right to equal protection under  Article 1, Section 3 of the Louisiana

Constitution, violation of Louisiana Civil Code article 2315, and a claim that they were a third party

beneficiary of the contracts entered into between the defendants for administration and disbursement

of the federal funds allocated to Louisiana under the Community Development Block Grants.

LAW AND ANALYSIS

The Road Home Corporation seeks  to dismiss plaintiffs' claims against it  for failure to

serve it within 120 days as provided in Rule 4(m) of the Federal Rules of Civil Procedure.  Rule

4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is
> filed, the court – on motion or on its own after notice to the plaintiff–
> must dismiss the action without prejudice against the defendant or
> order that service be made within a specified time.  But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

It is undisputed that plaintiff did not serve Road Home Corporation within 120 days  of July

---

[1] The Court has previously dismissed the Louisiana Recovery Authority and the
Louisiana Division of Administration through the Office of the Community Development (Doc.
10).

31, 2009, the date plaintiff filed suit.[2]  The record indicates that plaintiffs  served Road Home Corporation on February 10, 2010.

Plaintiffs' failure to serve Road Home Corporation within 120 days of filing suit against it does not mandate that the Court dismiss plaintiffs' suit without  prejudice.   Rule 4(m) provides a district court with discretion to extend the time for executing service of process even when a plaintiff fails to show good cause for the failure to serve a party within 120 days. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  "Under rule 4(m), when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices.  It may either 'dismiss the action without prejudice . . . *or* direct that service be effected within a specified time.' *Id*. quoting  Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiffs urge that they have good cause for failing to effect service within the 120 day period.  No analysis of the good cause issue is necessary.  Given that plaintiff executed apparently valid service on Road Home Corporation on February 10, 2010, even if good cause for the failure to serve  defendant  within  120  days  proved  to  be  absent,  the  Court  nonetheless  exercises  its discretion to deny defendant's  motion to dismiss.  If Road Home Corporation chooses to challenge the validity of the service of process effected on it, it may move to dismiss the suit pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Additionally, defendant's contention that it is not a proper party to this suit is properly urged in a Rule 12(b)(6) motion to dismiss or a motion for summary judgment.

New Orleans, Louisiana, this 6th day of April, 2010.

---

[2]  The 120 day period for service expired on November 28, 2009.

3

_____

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE